OPINION
{¶ 1} Defendant-appellant Robert Barron appeals the spousal support award contained within the June 24, 20002 Final Judgment Entry entered by the Stark County Court of Common Pleas, Domestic Relations Division. Plaintiff-appellee is Rosa Barron.
 STATEMENT OF THE CASE {¶ 2} The parties were married on November 26, 1988. Two children were born as issue of the marriage.
 {¶ 3} Both parties filed complaints for divorce. The matter came on for final hearing on March 5, 2002. As part of its Final Judgment Entry granting the parties a divorce, the trial court ordered appellant to pay appellee spousal support in the amount of $1,100 per month for forty months, despite the parties apparent agreement to an order of $815 per month as had been set in the temporary order.
 {¶ 4} It is from the trial court's spousal support award appellant prosecutes his appeal, assigning as error:
 {¶ 5} "I. The trial court abused its discretion in setting the amount and length of the spousal support awarded to the plaintiff."
 {¶ 6} A statement of the facts relative to appellant's assignment of error will be provided in our ensuing discussion.
 I. {¶ 7} A trial court is given discretion in awarding spousal support. Appellate review of a trial court's decision relative to spousal support is governed by an abuse of discretion standard. Cherry v. Cherry
(1981), 66 Ohio St.2d 348. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable, and not merely an error of law or judgment. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217.
 {¶ 8} Pursuant to R.C. 3105.18(C)(1), trial courts are to consider certain factors in making determinations of spousal support:
 {¶ 9} "(C)(1) In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors:
 {¶ 10} "(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;
 {¶ 11} "(b) The relative earning abilities of the parties;
 {¶ 12} "(c) The ages and the physical, mental, and emotional conditions of the parties;
 {¶ 13} "(d) The retirement benefits of the parties;
 {¶ 14} "(e) The duration of the marriage;
 {¶ 15} "(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;
 {¶ 16} "(g) The standard of living of the parties established during the marriage;
 {¶ 17} "(h) The relative extent of education of the parties;
 {¶ 18} "(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
 {¶ 19} "(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;
 {¶ 20} "(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;
 {¶ 21} "(l) The tax consequences, for each party, of an award of spousal support;
 {¶ 22} "(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
 {¶ 23} "(n) Any other factor that the court expressly finds to be relevant and equitable."
 {¶ 24} In its judgment entry, the trial court recites it considered all of the spousal support factors and specifically referenced R.C. 3105.18(C)(1). Judgment Entry at 6. Appellant argues the trial court made many factual errors in its findings which impacted the spousal support award. Specifically, appellant claims the trial court ignored testimony and documents, miscalculated his income, and incorrectly attributed rental income to him instead of appellee.[1]
 {¶ 25} Appellant asserts the trial court did not consider evidence relating to appellee's earning ability because certain evidence was not "acknowledged" in the trial court's decision. Failure to acknowledge all evidence relative to each and every factor listed in R.C. 3105.18(C)(1) does not necessarily mean the evidence was not considered. Appellant asserts his vocational evaluation of appellee showed she is capable of earning $22,000 to $25,000 per year. The trial court determined appellee's current income would be $6,210 per year. The trial court specifically addressed its consideration of appellant's vocational evaluation and stated its reason for assessing little or no weight to it. Contrary to appellant's claim the trial court failed to consider testimony and documents, we find the trial court's findings of fact on pages 2-5 of its judgment entry demonstrate just the opposite. Accordingly, we find no merit to this portion of appellant's argument.
 {¶ 26} Appellant also challenges the trial court's computation of his gross income for 2002. Appellant asserts the trial court made a mathematical error which impacted its decision regarding spousal support. We agree.
 {¶ 27} Specifically, the trial court found appellant's gross income in 2001 to be $50,000. It further found appellant's gross income for the first two months of 2002 to be $9,615 resulting in an annual gross income of $57,690. The trial court arrived at this figure apparently by multiplying appellant's first two months of gross income ($9,615) times 6 (the number of two month periods of 2002). June 24, 2002 Judgment Entry at 2. Appellant points out he is paid every two weeks, but received five paychecks in the first two months of 2002, representing ten weeks of pay although the actual amount of earned income during that period is less than ten weeks.[2]
 {¶ 28} There are two times a year a person who is paid biweekly will receive three paychecks in one month. The trial court failed to recognize this in its mathematical calculation, instead crediting appellant with receiving three paychecks in any one month six times a year. The result is the trial court overstated appellant's income for 2002 by $7600, or sixteen percent more than appellant would actually earn. We find this is substantial.
 {¶ 29} We believe this mathematical miscalculation is of sufficient size to merit reversal of the trial court's award of spousal support. That is not to say we would find the trial court abused its discretion in setting the spousal support as it did, had it not made the mathematical error. Nevertheless, we find fundamental fairness mandates a reversal and remand to the trial court to redetermine its spousal support award after adjustment for the corrected income figure for appellant.
 {¶ 30} Appellant's assignment of error is sustained.
 {¶ 31} The judgment of the Stark County Court of Common Pleas, Domestic Relations Division, is reversed as to the spousal support order but affirmed in all other respects.
By: Hoffman, P.J, Farmer, J. and Boggins, J. concur.
topic: length of spousal award.
[1] Appellant fails to further develop his argument as it pertains to the miscrediting of the rental income. Although the temporary order may have directed the rental income go to appellee, the rental property was distributed to appellant under the trial court's division of marital property. Therefore, we find the rental income was properly attributed to appellant for purposes of calculation of spousal support.
[2] Appellee responds appellant failed to complete the record with respect to net biweekly or monthly income, claiming only appellant's attorney made reference to biweekly net income, not appellant. Contrary to appellee's assertion (Footnote 2, Appellee's Brief), we find appellant did acknowledge the accuracy of his attorney's representation at line 15, page 59 of the Transcript.